IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SHAWN F. FARLEY,

                                Plaintiff

         VS.                                    NO.  5:09-CV-72 (HL)

HOWARD SILLS, SHERIFF,

                                Defendants      PROCEEDINGS UNDER 42 U.S.C. §1983
                                                BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff Shawn F. Farley filed the above-captioned lawsuit pursuant to 42 U.S.C. §1983. Tab #1 and Tab #4.  In response, defendant Sheriff Howard Sills filed a motion seeking dismissal. Tab #11.  Plaintiff Farley was ordered to file and has filed a response to the motion seeking dismissal.[1]  Tab #18.

### BACKGROUND

On July 27, 2008, the plaintiff was arrested in Putnam County, Georgia on charges of cruelty to children, aggravated assault, simple battery, and obstruction of a law enforcement officer.  His first court appearance was held on July 31, 2008 before a Putnam County magistrate.  During this hearing, the magistrate set a bond in the amount of ten-thousand-five-hundred-dollars ($10,500). On February 3, 2009, the plaintiff, having entered a negotiated guilty plea to the aforementioned charges, was sentenced to six (6) years incarceration.[2]

---

[1]Plaintiff Farley's response to the defendant's motion seeking dismissal is comprised of an explanation as to why he did not respond to the motion despite the undersigned's order.  Therein, plaintiff Farley claims that he was unable to respond because he did not have access to a law library.  The court notes that his response/explanation is replete with several citations to relevant case law.  Additionally, the undersigned notes that, to date, the plaintiff has made no other attempt to contest the validity or applicability of the arguments and supporting authority raised by the defendant in the instant motion seeking dismissal.

[2]According to the Georgia Department of Corrections online Offender Query, plaintiff Farley has a "Max Possible Release Date" of July 26, 2014.  This date indicates that the expiration of his six (6) year sentence began on the date of his arrest and confinement.

On February 16, 2009, plaintiff Farley executed the instant action.  Therein, he contends that the defendant kept him unlawfully incarcerated by "lifting" and/or refusing to allow him or his family to post bond.  He seeks two-hundred-thousand-dollars ($200,000) in monetary relief.

### DISCUSSION AND CONCLUSION

It is well established that in order for a plaintiff to recover damages under §1983 for allegedly unconstitutional imprisonment, he must prove that the charges, conviction, and/or sentence on which he is confined have been terminated in his favor.  See *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  In view of plaintiff Farley's plea of guilty to the applicable charges, coupled with his failure to make any showing that the resulting conviction and sentence have been subsequently terminated in his favor, his claim is not cognizable under §1983 and should therefore be **DISMISSED**.

Accordingly, **IT IS RECOMMENDED** that the defendant's motion seeking dismissal be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 25th day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE